# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

L. ANNETTE WARNER, )
)
          Plaintiff, )
) Case No. 13-CV-277-JED-TLW
v. )
)
CAROLYN W. COLVIN, )
Acting Commissioner of the )
Social Security Administration, )
)
          Defendant. )

## OPINION AND ORDER

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge T. Lane Wilson (Doc. 27) and the defendant's Objection (Doc. 28) to the R&R. In the R&R, Judge Wilson recommends that the decision of the Commissioner of the Social Security Administration ("Commissioner") denying disability benefits to plaintiff be reversed and remanded for further proceedings.

The Court must determine de novo any part of the R&R that has been properly objected to, and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court has conducted a de novo review, fully considered the limited issues raised in the Commissioner's Objection, and determined that the Objection should be denied and the R&R should be accepted in full.

In the R&R, Judge Wilson recommended that the Commissioner's decision be reversed and remanded for further proceedings. (Doc. 27 at 12). In making that recommendation, Judge Wilson noted that the Administrative Law Judge (ALJ) found that plaintiff had "medically determinable mental impairments of bipolar disorder, panic disorder, and personality disorder

with histrionic personality traits," but that those impairments were "nonsevere." (*Id.* at 2, citing Record at 21 [Doc. 13-2 at 22]). In determining that those impairments were nonsevere, the ALJ relied on a report of a mental status examination by Dr. Dennis Rawlings, but the ALJ "never mention[ed] Dr. Rawlings' recommendation that plaintiff undergo further mental testing." (*Id.* at 5-7; *see* Record at 478 [Doc. 13-7 at 224]).

Applying *Hawkins v. Chater*, 113 F.3d 1162 (10th Cir. 1997), Judge Wilson noted that an ALJ has "broad latitude" in determining whether to order consultative examinations, but that a consultative examination must be ordered "'where there is a direct conflict in the medical evidence requiring resolution,' 'where the medical evidence in the record is inconclusive,' or 'where additional tests are required to explain a diagnosis already contained in the record.'" (Doc. 27 at 6, quoting *Hawkins*, 113 F.3d at 1166). The "starting place" is to ask whether there is "some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation." *Hawkins*, 113 F.3d at 1167. Where the record contains evidence that is "sufficient to suggest a reasonable possibility that a severe impairment exists," the ALJ must "order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment." *Id.*

In the Objection, the Commissioner argues that the ALJ had no duty to order additional testing as recommended by Dr. Rawlings. (Doc. 28 at 2-5). Notwithstanding the Commissioner's arguments to the contrary, the Court agrees with Judge Wilson that the matter should be reversed and remanded for further proceedings. The ALJ relied at least in part on Dr. Rawlings's opinion for the diagnoses of bipolar disorder, panic disorder, and personality disorder with histrionic personality traits and relied significantly on Dr. Rawlings's mental status exam in determining that plaintiff's impairments were "nonsevere," but the ALJ either disregarded or

rejected Dr. Rawlings' recommendation for additional mental testing, specifically MMPI-2 and a psychiatric evaluation. (Record at 478 [Doc. 13-7 at 224]). In light of these facts, the Court agrees with Judge Wilson that Dr. Rawlings's recommendation for further testing indicates that "additional tests are required to explain a diagnosis already contained in the record." (Doc. 27 at 9-10). Because the ALJ did not explain his reasons for failing to order the testing recommended by Dr. Rawlings, the Court agrees that the case should "be remanded for the ALJ to explain the reasons for failing to order the additional tests." (*Id.*).

The Commissioner's Objection does not address or even mention the requirements of *Hawkins* or attempt to explain why Judge Wilson's analysis of the record in light of *Hawkins* is flawed. The Court has concluded that the record contains evidence that is "sufficient to suggest a reasonable possibility that a severe impairment exists," such that the ALJ must "order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment." *Hawkins*, 113 F.3d at 1166-67. Because the ALJ was silent as to the reasons he disregarded or rejected Dr. Rawlings's recommendation for additional testing, while he otherwise relied upon Dr. Rawlings's report to support the ALJ's finding of nonsevere impairments, reversal and remand is appropriate. If the ALJ determines upon remand that additional testing is necessary or helpful to the resolution of plaintiff's claim, such testing shall be ordered. Otherwise, the ALJ should explain his reasoning as to why he rejects Dr. Rawlings's recommendation.

IT IS THEREFORE ORDERED that the Commissioner's Objection (Doc. 28) is **overruled**, the Report and Recommendation (Doc. 27) is hereby **accepted**, and the Commissioner's decision denying disability benefits to plaintiff is **reversed and remanded** in accordance with this Opinion and Order. A separate judgment will be entered forthwith.

SO ORDERED this 9th day of September, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE